UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KATHLEEN A COY,

        **Plaintiff,**

        v.

**COUNTY OF DELAWARE,** *et al.,*

        **Defendants.**

**Case No. 2:12-CV-00381**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

Plaintiff, Kathleen A. Coy, brings this employment discrimination action against

Defendants County of Delaware ("Delaware County") and Robert Greenlaw ("Greenlaw")

alleging age and sex discrimination, creation of a hostile work environment, and sexual

harassment in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in

Employment Act ("ADEA"), Ohio Revised Code § 4112.99, and Ohio common law.  This matter

is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings.

(ECF No. 6.)  For the reasons that follow, Defendants' Motion is **GRANTED** in part and

**DENIED** in part subject to the conditions outlined below.

## I. BACKGROUND

In 1991, Delaware County hired Plaintiff to work in its 9-1-1 Community Call Center.

Plaintiffs claims involve the conduct of Defendant Greenlaw, the former Director of the

Delaware County Emergency Communications Center.  According to Plaintiff, during her

employment with Delaware County, Greenlaw subjected female employees—including

herself—to a sexually hostile work environment.

Within her Complaint, Plaintiff sets forth some examples of Greenlaw's conduct. Plaintiff specifically maintains that in November 2010 Greenlaw told Plaintiff, as he was entering a closed door meeting with two female employees, that he "forgot to take his date rape drugs." (Compl. ¶ 14, ECF No. 2.) Plaintiff also asserts that Greenlaw made comments objectifying young female employees and prospective employees. (*Id.* at ¶¶ 16–17.) Additionally, Plaintiff contends that Defendants discriminated against her by denying her a promotion to the position of Operations Manager. Plaintiff asserts that Defendants ultimately selected a substantially younger female for the position. (*Id.* at ¶ 18.) Plaintiff indicates that she met the certification requirements for the position, while the candidate that Defendants' hired did not. (*See id.* at ¶¶ 18–19.)

Plaintiff asserts that in March 2011, at the recommendation of her physician, she applied for unpaid medical leave. (Compl. ¶ 22.) According to Plaintiff, Delaware County approved Plaintiff's request for unpaid medical leave, but denied her continued health insurance coverage. (*Id.* at ¶ 22.) Plaintiff contends that "Defendant[s'] actions were designed to eliminate Plaintiff from and other female workers from their employment at the 9-1-1 Emergency Communications Center . . . ." (*Id.* at ¶ 23.)

In April 2011, Plaintiff's attorney mailed a letter to Delaware County regarding the allegations of Plaintiff and other Communication Center employees. (Compl. at ¶ 24.) Plaintiff contends that the County initially did not respond to the letter, but eventually her attorney met with Delaware County officials. (*Id.*) At some later time, Delaware County hired a private investigator to consider the charges of Plaintiff and other female employees. (*Id.* at ¶ 27.) Plaintiff maintains that in October 2011 the investigator released a report finding, in part, that

Greenlaw subjected Plaintiff and other female employees to "sexually charged speech . . . ." (*Id.* at ¶ 28.) Plaintiff further contends that, shortly after the report, Delaware County officials forced Greenlaw to resign. (*Id.* at 29.)

Plaintiff filed this action in May 2012. Plaintiff brings claims against Delaware County as well as Greenlaw individually. Plaintiff brings sex discrimination, age discrimination, and hostile work environment claims against both Defendants pursuant to Title VII and the ADEA. Additionally, Plaintiff brings claims against both Defendants under Ohio Revised Code § 4112.99 for creation of a hostile work environment, sex discrimination, and age discrimination. Finally, Plaintiff brings common law sexual harassment claims against both Defendants pursuant to *Kerans v. Porter Paint Co.*, 61 Ohio St. 3d 486 (Ohio 1991).

Defendants move for partial dismissal of Plaintiff's Complaint.[1] First, Defendant Greenlaw contends that Plaintiff cannot state Title VII or ADEA claims against him individually. Second, both Defendants maintain that Plaintiff's age discrimination claims under Ohio Revised Code § 4112.99 fail for various reasons. Third, Defendants assert that Plaintiff fails to set forth sufficient facts in support of his *Kerans* claims. Plaintiff does not oppose dismissal of her federal claims against Defendant Greenlaw, but she opposes dismissal of her state law claims.

## II. STANDARD

The Court reviews motions made under Federal Rule of Civil Procedure 12(c) in the same manner it would review a motion made under Federal Rule of Civil Procedure 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive a motion for

---

[1] Defendants do not move for dismissal of the federal claims against Delaware County. Moreover, Defendants do not challenge Plaintiff's hostile work environment and sex discrimination claims under Ohio Revised Code § 4112.99.

judgment on the pleadings a complaint must contain sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. *Id.*

at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in

*Twombly* ). The factual allegations of a pleading "must be enough to raise a right to relief above

the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

### A.    Age Discrimination under Ohio Revised Code § 4112.99

As detailed above, the parties dispute whether Plaintiff states an age discrimination claim

pursuant to Ohio Revised Code § 4112.99.[2] Defendants attack Plaintiff's age discrimination

claim on three interrelated grounds. Specifically, Defendants maintain that (1) Plaintiff's claim

is untimely in light of Ohio Revised Code § 4112.99's statute of limitations; (2) Plaintiff's age

discrimination is barred under election of remedies principles because she filed a charge with the

Equal Employment Opportunity Commission ("EEOC"); and (3) Plaintiff's claim fails to elect

the underlying statutory basis—Ohio Revised Code § 4112.02 or Ohio Revise Code

§ 4112.14—for her cause of action.

### 1.    Statute of Limitations

The Court will first address the timeliness of Plaintiff's age discrimination claim.

---

[2] The Court finds it unnecessary to discuss Plaintiff's federal law claims against Defendant Greenlaw as the parties agree that dismissal is proper, given that he was not her employer.

Plaintiff brings her age discrimination claim pursuant to Ohio Revised Code § 4112.99.[3]

Defendants maintain that the 180 statute of limitations embedded within Ohio Revised Code

§ 4112.02(N) bars Plaintiff's action under § 4112.99. Plaintiff, on the other hand, maintains that

the Court should use the six-year statute of limitations applicable to § 4112.14 claims.[4]

The statute of limitations applicable to actions under Ohio Revised Code § 4112.99 is an

unsettled area of law. To resolve this dispute, the Court must venture into the relatively intricate

statutory scheme that Ohio has created for age discrimination claims. There are four separate

statutes that provide remedies for age discrimination within the Ohio Revised Code. First, an

employee may file a charge of age discrimination with the Ohio Civil Right Commission

("OCRC") pursuant to Ohio Revised Code § 4112.05. The filing of such a charge, however, bars

an individual "from instituting a civil action under section 4112.14 or division (N) of section

4112.02 of the Revised Code." Ohio Rev. Code § 4112.08.

Second, an employee may bring a civil action for age discrimination pursuant to Ohio

Revised Code § 4112.02. Section 4112.02(N) specifically provides:

> An aggrieved individual may enforce the individual's rights relative to discrimination
> on the basis of age as provided for in this section by instituting a civil action, *within
> one hundred eighty days after the alleged unlawful discriminatory practice occurred*,
> in any court with jurisdiction for any legal or equitable relief that will effectuate the
> individual's rights.

_____

[3] As discussed further below, Plaintiff fails to distinguish whether her § 4112.99 claim is
based on underlying violations of § 4112.02(N) or § 4112.14.

[4] Plaintiff brings this action based on alleged conduct that occurred during her
employment with Delaware County, including incidents that occurred in November 2010.
According to Plaintiff, this conduct ultimately led to her departure from work in March 2011.
Plaintiff filed this action in May 2012. In light of these circumstances, the parties appear to agree
that Plaintiff's action would be untimely under a 180 day statute of limitations, but timely if the
Court applies a six-year limitation period.

Ohio Rev. Code § 4112.02(N) (emphasis added).  Nevertheless, this provision also states that

"[a] person who files a civil action under [§ 4112.02(N)] is barred, with respect to the practices

complained of, from instituting a civil action under section 4112.14 of the Revised Code and

from filing a charge with the commission under section 4112.05 of the Revised Code." *Id.*

Third, an employee may bring a civil action under Ohio Revised Code § 4112.14, which

was formerly codified at § 4101.07.  This section states in pertinent part:

(B)     Any person aged forty or older who is discriminated against in any job
        opening or discharged without just cause by an employer . . . may institute a
        civil action against the employer. . . .  If the court finds that an employer has
        discriminated on the basis of age, the court shall order an appropriate remedy
        which shall include reimbursement to the applicant or employee for the costs,
        including reasonable attorney's fees, of the action, or to reinstate the
        employee in the employee's former position with compensation for lost
        wages and any lost fringe benefits from the date of the illegal discharge and
        to reimburse the employee for the costs, including reasonable attorney's fees,
        of the action.  The remedies available under this section are coexistent with
        remedies available pursuant to sections 4112.01 to 4112.11 of the Revised
        Code; except that any person instituting a civil action under this section is .
        . . thereby barred from instituting a civil action under division (N) of section
        4112.02 of the Revised Code or from filing a charge with the Ohio civil
        rights commission under section 4112.05 of the Revised Code.

(C)     The cause of action described in division (B) of this section and any remedies
        available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall
        not be available in the case of discharges where the employee has available
        to the employee the opportunity to arbitrate the discharge or where a
        discharge has been arbitrated and has been found to be for just cause.

Ohio Rev. Code § 4112.14.

Fourth, and finally, § 4112.99 sets forth that "[w]hoever violates this chapter is subject to

a civil action for damages, injunctive relief, or any other appropriate relief."  Ohio Rev. Code

§ 4112.99.  The Supreme Court of Ohio has made clear that § 4112.99 "provides an independent

civil action to seek redress for any form of discrimination identified" in Chapter 4112 of the Ohio

6

Revised Code. *Leininger v. Pioneer Natl. Latex*, 115 Ohio St. 3d 311, 318 (Ohio 2007).

Accordingly, an employee may bring an age discrimination claim under § 4112.99 based on

violations of either § 4112.02(N) or § 4112.14. *See id.* ("A violation of [§] 4112.14 . . . can also

support a claim for damages, injunctive relief, or any other appropriate relief under

[§] 4112.99."). The Supreme Court of Ohio has further held, that age discrimination claims

under § 4112.99 are subject to the more specific substantive provisions within §§ 4112.02 and

4112.14. *Meyer v. United Parcel Serv., Inc.*, 122 Ohio St. 3d 104, 112, 116–17 (Ohio 2009)

(concluding that the arbitration provision embedded in § 4112.14(C) barred a plaintiff's age-

discrimination claim brought under § 4112.99).

   With this framework in mind, the Court may consider the statute of limitations that

applies to § 4112.99. The language of § 4112.99 does not explicitly adopt any precise statute of

limitations. Section 4112.02(N), however, explicitly sets forth a 180 day statute of limitation

period. On the other hand, the statute of limitations for claims under § 4112.14 is six years.[5] *See*

*Compton v. Swan Super Cleaners, Inc.*, No. 08-CV-002, 2008 WL 1924251, at *3 (S.D. Ohio

Apr. 29, 2008) ("Although § 4112.14 does not set forth a statute of limitations, Ohio courts have

consistently held it to be six years.").

   In 1994, the Ohio Supreme Court—considering an action brought under § 4112.99—held

---

   [5]   In 1984 (when § 4112.14 was still codified at § 4101.17), the Ohio Supreme Court held
that the statute of limitations for § 4101.17 claims was the six-year period contained within
§ 2305.07. *Morris v. Kaiser Engineers, Inc.*, 14 Ohio St. 3d 45, 48 (Ohio 1984). In 2001,
following a detailed analysis of Chapter 4112, the Sixth Circuit held that the period of limitations
applicable to § 4112.14 was still six years. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518
(6th Cir. 2001). Although the Ohio Supreme Court has not directly reached the issue, it implied
in *Meyer* that the holding of *Morris* still applied to § 4112.14. *See* 122 Ohio St. 3d at 117
(recognizing that §§ 4112.02(N) and 4112.14 "have been held to have different statutes of
limitations").

that "any age-based employment discrimination claim, premised on a violation described in []

Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set

forth in [§ 4112.02(N)]." *Bellian v. Bicron Corp.*, 69 Ohio St. 3d 517, 520 (Ohio 1994).

Importantly, in reaching its holding, *Bellian* reasoned that "[t]he only provision in [] Chapter

4112 that recognizes discrimination on the basis of age is [§] 4112.02." *Id.* at 519. This

observation was correct at the time because, in 1994, the Ohio General Assembly had not yet

recodified § 4101.07 as § 4112.14. *Meyer*, 122 Ohio St. 3d at 109.

Accordingly, the issue becomes whether the addition of § 4112.14 to Chapter 4112—with

a six-year statute of limitations—alters the limitation period that applies to claims under

§ 4112.99. In *Meyers*, the Supreme Court of Ohio recognized, at least implicitly, this unsettled

issue. *See* 122 Ohio St. 3d at 117–18. The *Meyer* Court held that "[t]he fundamental reasoning

in *Bellian* regarding age-discrimination claims filed under [§] 4112.99 retains its authority." *Id.*

at 111. Moreover, the Court suggested that a 180 day statute of limitations is still applicable to

§ 4112.99 claims, at least to the extent that such claims are based on the right delineated within

§ 4112.02. *See id.* at 113 ("[A] plaintiff who within 180 days files an age-discrimination claim in

common pleas court under [§] 4112.99 preserves the opportunity to pursue all remedies

specifically delineated within the chapter."). Nevertheless, the Ohio Supreme Court explicitly

declined to address whether "*all* age-discrimination claims filed under [§] 4112.99 should be

governed by the 180–day statute of limitations of [§] 4112.02(N)." *Id.* at 118 (emphasis in

original).

The Court's review of case law considering this issue yields mixed results. Some courts,

including this one, have held that a six-year statute of limitations applies to § 4122.99 claims, at

least when a plaintiff brings such claims based on violations of § 4122.14. *See, e.g., Compton v. Swan Super Cleaners, Inc.*, No. 08-CV-002, 2008 WL 1924251, at *4 (S.D. Ohio Apr. 29, 2008) (applying a six-year statute of limitations to § 4112.99); *Johnson v. Ohio Cas. Ins. Co.*, No. 1:05-cv-742, 2006 WL 2849781, at *2 (S.D. Ohio Sept. 29, 2006) ("[T]o the extent the plaintiffs bring their age discrimination claims . . . under § 4112.99 but premised on a violation of § 4112.14, their claims fall safely within the applicable six-year statute of limitations.") (citing *Reminder v. Roadway Exp., Inc.*, No. 5:04-CV-02581, 2006 WL 51129, at *5 (N.D. Ohio Jan. 10, 2006)). Other courts, however, have indicated that a 180 day statute of limitations applies to all § 4112.99 claims. *See Vickers v. Wren Industries, Inc.*, No. Civ.A. 20914, 2005 WL 1685101, at *2–4 (Ohio Ct. App. July 8, 2005).

Considering the above authority, the Court finds that a 180 day statute of limitations applies to age discrimination claims based on violations of § 4112.02(N). On the other hand, the Court concludes that a six-year limitations period is applicable to age discrimination claims based on violations of § 4112.14. The Court finds such an approach to be a logical extension of *Meyer*. Specifically, *Meyer* emphasized that, for the purposes of claims under § 4112.99, "the source of [] remedies for age discrimination [are] the substantive provisions of [§§] 4112.02 and 4112.14; . . . not [§] 4112.99, even though a plaintiff can file under that statute." 122 Ohio St. 3d at 113. Accordingly, because the two underlying statutes apply distinct statutes of limitations, it follows that distinct statutes of limitations apply depending on the nature of the underlying claim.

Here, Plaintiff filed her claims more than 180 days after the alleged discriminatory practices occurred, but well before six years had passed. Consequently, to the extent Plaintiff's age-discrimination claim is based on a violation of § 4112.02(N), it is untimely. Plaintiff,

9

however, may proceed on her age-discrimination claim for violations of § 4112.14.

### 2.     Effect of EEOC Filing

Defendants also maintain that the Court should dismiss Plaintiff's age discrimination claim because she filed an administrative charge with the EEOC.  Plaintiff, however, contends that the filing of an administrative action does not bar a § 4112.99 claim.  Additionally, Plaintiff stresses that she filed a charge with the EEOC, not the OCRC.

As detailed above, an employee who files an age discrimination charge with the OCRC "is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code."  Ohio Rev. Code § 4112.08.  The language of § 4112.08 does not explicitly bar claims under § 4112.99.  Although there is some disagreement on the issue, the general consensus among Ohio courts has been that the filing of an OCRC claim bars a plaintiff from filing a subsequent age-discrimination claim under § 4112.99.  *See, e.g.*, *Hillery v. Fifth Third Bank*, No. 2:08–CV–1045, 2009 WL 1322304, at *5 (examining Ohio law and ultimately holding that "age discrimination claims brought pursuant to § 4112.99 are subject to Chapter 4112's election of remedies scheme"); *Senter v. Hillside Acres Nursing Ctr. of Willard, Inc.*, 335 F. Supp. 2d 836, 849 (N.D. Ohio 2004) ("The general consensus of Ohio appellate courts is that the election of remedies scheme for age discrimination claims in Ohio applies to claims brought under Ohio Rev.Code § 4112.99."); *Talbott v. Anthem Blue Cross & Blue Shield*, 147 F. Supp. 2d 860, 863 (S.D. Ohio 2001) ("The overwhelming majority of Ohio appellate court cases to have addressed this issue have concluded that age discrimination claims brought under O.R.C. § 4112.99 are subject to the election of remedies doctrine.").  Ohio Supreme Court precedent, however, provides at least some reason to doubt such holdings.  Specifically, in discussing

10

§ 4112.99 the Ohio Supreme Court has stated, albeit in passing, that § 4112.99 "is not subject to

the election of remedies" requirements embedded within other Chapter 4112 provisions.

*Leininger*, 115 Ohio St. 3d at 318.

Furthermore, "Ohio courts disagree as to whether an EEOC charge falls within the

election of remedies language contained in the Ohio age discrimination statutes." *Hillery*, 2009

WL 1322304, at *3. In discussing the "[t]iming of filing" the Administrative Code specifically

provides:

> A charge filed with either the Equal Employment Opportunity Commission (EEOC)
> or the Department of Housing and Urban Development (HUD) which lists the
> commission as the deferral/referral agency, or which is received by the commission
> for investigation, is deemed filed with the commission on the date the charge is
> received at one of the commission's offices. A charge filed with the EEOC or with
> HUD is deemed timely filed with the commission provided that the charge is filed
> with EEOC within six months of the alleged discriminatory acts or with HUD within
> one year of the alleged unlawful discriminatory acts.

Ohio Administrative Code § 4112-3-01(D)(3). As Plaintiff emphasizes, the language of the

Code provision requires an EEOC charge to list the OCRC as a referral agency, or for the OCRC

to actually receive the charge for investigation, in order for such a charge to be equivalent to an

EEOC filing. *Id.* This Court has recently recognized, however, "[i]n deferral states, such as

Ohio, with worksharing agreements between the EEOC and the state agency, a filing with the

EEOC is automatically referred to the state agency and is deemed received by the other."

*Esparza v. Pierre Foods*, — F. Supp. 2d —, 2013 WL 550671, at *7 (S.D. Ohio Feb. 12, 2013).

In light of Ohio Administrative Code § 4112-3-01(D)(3), a number of courts—including

this one—have held that the filing of EEOC claim equates to the filing of a claim with the

OCRC. *See Hillery*, 2009 WL 1322304 at *3 (collecting case law). On the other hand, in a

separate decision this Court has also concluded that the filing of an EEOC charge "does not

amount to an election to pursue his administrative remedy under [§] 4112.05." *Spengler v.*

*Worthington Cylinders*, 438 F. Supp. 2d 805, 811–12 (S.D. Ohio 2006) (reasoning that contrary

authority reads the Ohio Administrative Code too broadly). Finally, on a related note, even when

a charge has been filed with the OCRC, there are several exceptions to Ohio's election of

remedies. *Hillery*, 2009 WL 1322304, at *3. For example, a plaintiff may "expressly

acknowledge in their charge that no investigation is requested because the charge is being filed to

perfect their federal rights." *Talbott*, 147 F. Supp. 2d at 862 n.3.

Here, even assuming that § 4112.08 applies to § 4112.99, the Court finds that dismissal of

Plaintiff's age discrimination claim on the pleadings would be improper. Although Plaintiff filed

a EEOC claim prior to bringing this suit, it is unclear what role—if any—the OCRC played in

processing and investigating the administrative charge.[6] Based on the information before the

Court, and construing the pleadings in Plaintiff's favor, it is reasonable to infer that Plaintiff's

EEOC action did not trigger Ohio's election of remedies for age discrimination claims. Under

these circumstances, the Court finds it prudent to reserve any determination as to whether

Plaintiff's age discrimination claim is barred. *See Esparza*, 2013 WL 550671, at *10 (deferring

any ruling on election of remedies because it was "unclear whether the OCRC actually

investigated the plaintiffs' claim or had any role here, other than to be notified of the plaintiffs'

EEOC charges").

### 3.     Failure to Elect a Remedy

---

[6] Plaintiff attaches "right to sue" documentation she received from the EEOC to her
Complaint, but the record contains no other information as to the exact nature of Plaintiff's
administrative charge.

12

Finally, Defendants maintain that the Court should dismiss Plaintiff's § 4112.99 age

discrimination claim for failing to specify whether it is based on a violation of § 4112.02 or

§ 4112.14.  Plaintiff maintains that § 4112.99 does not require her to choose between the two

underlying provisions.

Given the circumstances of this case, this issue requires little analysis.  Even assuming

that Plaintiff is required to select an underlying basis for her § 4112.99 claims, dismissal on such

grounds would be a harsh result.  *Cf. Ziegler*, 249 F.3d at 512 (holding that it would be overly

harsh to dismiss a plaintiff's age-discrimination claims in their entirety because the plaintiff

attempted to bring such claims under multiple theories).  In light of the statute of limitations

analysis above, Plaintiff may only bring her § 4112.99 age-discrimination claim for violation of

§ 4112.14.  Consequently, the basis for Plaintiff's § 4112.99 is now clear.

**B.     Sexual Harassment under *Kerans***

The parties also dispute whether Plaintiff states a common law sexual harassment claim

against Defendants.  Defendants maintain that the factual allegations are not severe enough to

constitute a common law claim pursuant to *Kerans v. Porter Paint Co.*, 61 Ohio St. 3d 486 (Ohio

1991).  Additionally, Delaware County contends that it conducted an investigation once it

received allegations of misconduct.  Plaintiff, however, maintains that she has alleged sufficient

facts to establish that Defendants created an environment of severe and repeated sexual

harassment.

In *Kerans*, the Ohio Supreme Court addressed when an employer could be held liable for

the sexual harassment of an employee.  *See* 61 Ohio St. 3d at 491–94.  The *Kerans* case involved

allegations of severe sexual harassment, rising to the level of sexual molestation.  *Id.* at 430.  The

13

Ohio Supreme Court concluded that the employee could proceed with a civil action against her

employer, reasoning as follows:

> [W]e hold that where a plaintiff brings a claim against an employer predicated upon
> allegations of workplace sexual harassment by a company employee, and where there
> is evidence in the record suggesting that the employee has a past history of sexually
> harassing behavior about which the employer knew or should have known, summary
> judgment may not be granted in favor of the employer, even where the employee's
> actions in no way further or promote the employer's business. An employer has a duty
> to provide its employees with a safe work environment and, thus, may be
> independently liable for failing to take corrective action against an employee who
> poses a threat of harm to fellow employees, even where the employee's actions do
> not serve or advance the employer's business goals. Whether the employer has acted
> appropriately in a particular situation is a factual matter to be determined on a case
> by case basis. However, where an employer knows or has reason to know that one of
> his employees is sexually harassing other employees, he may not sit idly by and do
> nothing. The appropriate response, which may range in severity from a verbal
> warning, to a transfer, to a temporary suspension, to a firing, will depend on the facts
> of the particular case, including the frequency and severity of the employee's actions.

*Id.* at 492–93.

Following *Keran*, Ohio courts have recognized that "[a]lthough *Kerans* created the

common-law tort of sexual harassment—that employers have a duty to provide a safe work

environment—it did not clearly define the elements of this cause of action." *Kilgore v. Ethicon*

*Endo-Surgery, Inc.*, 172 Ohio App. 3d 387, 397 (Ohio Ct. App. 2007). Some courts have

construed *Kerans* narrowly, limiting its application to cases of felonious sexual assault. *See, e.g.*,

*Griswold v. Fresenius USA, Inc.*, 964 F. Supp. 1166, 1173 (N.D. Ohio 1997) (limiting

application of *Kerans* to its facts). Nevertheless, the majority of Ohio courts, and this one, have

generally interpreted *Kerans* as adopting the basic elements of sexual harassment claims under

Title VII and Ohio Revised Code Chapter 4112.[7] *See, e.g., Kilgore*, 172 Ohio App. 3d at 397

---

[7] Sexual harassment claims under Ohio Revised Code Chapter 4112 generally apply the
same standards as claims under Title VII. *See Hampel v. Food Ingredients Specialties, Inc.*, 89

14

("Ohio courts interpreting and applying *Kerans* have adopted the elements of an [Ohio Revised

Code] Chapter 4112 sexual-harassment claim . . . ."); *Gallagher v. C.H. Robinson Worldwide,*

*Inc.*, 567 F.3d 263, 278 (6th Cir. 2009) (recognizing that the elements of an Ohio common law

sexual harassment claim generally track "those of a Title VII hostile work environment claim");

*Southerland v. Sycamore Cmty. Dist. Bd. of Educ.*, 277 F. Supp. 2d 807, 818 (S.D. Ohio 2003)

(acknowledging that courts "have applied the elements of an Ohio Revised Code Chapter 4112

sexual harassment claim in interpreting *Kerans*"). The Court finds the majority approach

persuasive.

To establish a hostile work environment claim based on sexual harassment under Ohio

Revised Code Chapter 4112, or Title VII, an employee must demonstrate:

> (1) [T]hat the harassment was unwelcome; (2) that the harassment was based on sex;
> (3) that the harassing conduct was sufficiently severe or pervasive to affect the terms,
> conditions, or privileges of employment, or any matter directly or indirectly related
> to employment; and (4) that the employer, through its agents or supervisory
> personnel, knew or should have known of the harassment and failed to take
> immediate and appropriate corrective action.

*Kilgore*, 172 Ohio App. 3d at 394. In deciding whether harassing conduct rises to the level of a

hostile work environment "the court must consider all of the circumstances, including the

frequency of the discriminatory conduct; its severity; whether it is physically threatening or

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

employee's performance." *Hensman v. City of Riverview*, 316 F. App'x 412, 417 (6th Cir. 2009)

(internal quotations omitted). Notably, "[a] plaintiff need only show that the conduct was severe

'or' pervasive, not both." *Messer v. Ohio*, No. 1:11–cv–246, 2013 WL 394333, at *13 (S.D.

_____

Ohio St. 3d 169, 178 (Ohio 2000) (finding Title VII authority "persuasive and applicable in
interpreting [Ohio Revised Code § 4112.02(A)]").

Ohio Jan. 31, 2013) (citing *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 468 (6th Cir. 2009)).

Moreover, "there is no bright line between sexual harassment and unpleasant workplace

conduct . . . ." *Robbins v. Columbus Hospitality, LLC*, No. 1–09–cv–559, 2011 WL 221879, at

*5 (S.D. Ohio Jan 24, 2011).

In addition to the basic Title VII/Chapter 4112 elements, Ohio courts have held that

*Kerans* requires an additional showing. *Kilgore*, 172 Ohio App. 3d at 397. Specifically, a

plaintiff must demonstrate that the harassing employee "has a past history of sexually harassing

behavior about which the employer knew or should have known." *Id.* (internal quotations

omitted). As the Sixth Circuit has recognized, however, "courts interpreting *Kerans* have not

determined a precise definition of 'past history.'" *McCombs v. Meijer, Inc.*, 395 F.3d 346, 354

(6th Cir. 2005); *cf. also Seiber v. Wilder*, No. 94 CA 32, 1994 WL 558969, at *3 (Ohio Ct. App.

Oct. 12, 1994) (indicating that an employer is not entitled to summary judgment under *Kerans*

simply because the actor in questions "had not been previously accused of sexual

harassment . . . .").

In this case, the Court finds the pleadings sufficient to state a facially plausible claim

pursuant to *Kerans*.[8] Defendants first maintain that Plaintiff's allegations—which it

characterizes as stray comments on the part of Greenlaw—are insufficient. The Court disagrees.

Plaintiff's Complaint provides a few specific examples of Greenlaw's inappropriate, and sexually

charged, statements. If such comments were isolated, dismissal would likely be proper. *See*

---

[8] In addition to bringing a claim against Delaware County, Plaintiff brings a *Kerans* claim directly against Defendant Greenlaw, maintaining that he is an "employer" under Ohio law. It is questionable whether Plaintiff may use *Kerans*, which generally addresses employer liability, to hold the supervisor—whose conduct is in question—liable. The Court will not reach this issue at this time, as the parties fail to address it.

16

*Kerecman v. Pactiv Corp.*, No. C-2-04-00881, 2007 WL 852185, at *18 (S.D. Ohio Mar. 19,

2007) (explaining that Title VII is not a "civility code" and does not encompass "sporadic use of

abusive language, gender-related jokes, and occasional teasing") (internal quotation and citation

omitted). Construed in Plaintiff's favor, however, the Complaint indicates that the specific

comments in question were only examples—and not the total sum—of Greenlaw's behavior.

Moreover, the Complaint states that an investigation of Greenlaw's conduct uncovered at least

some evidence that Greenlaw was targeting female co-workers with sexually charged speech.

According to Plaintiff, Delaware County officials found such conduct sufficiently serious to

require Greenlaw's resignation. Under these circumstances, the Complaint allows for a

reasonable inference that Greenlaw's actions satisfy the pervasiveness requirement of a sexual

harassment claim.

Delaware County also contends that Plaintiff's *Kerans* claim fails because the County

investigated Greenlaw's conduct following Plaintiff's charges of misconduct. An employer is

required to take both "*prompt* and appropriate corrective action" when it discovers that an

employee is engaging in sexually harassing conduct. *Kerecman*, 2007 WL 852185, at *17

(emphasis added). Additionally, *Kerans* explains that an employer may not be idle in the face of

sexual harassment allegations. 61 Ohio St. 3d at 493. Moreover, "[w]hether the employer has

acted appropriately in a particular situation is a factual matter to be determined on a case by case

basis." *Id.* Here, although the Complaint acknowledges that an investigation took place, it also

reflects—when construed in Plaintiff's favor—delay on the part of Delaware County.

Specifically, it is reasonable to infer from the Complaint that Delaware County was on notice of

Greenlaw's history of sexually harassing behavior against female employees as early as April

17

2011.  The Complaint indicates, however, that it was not until six months later that an

investigation concluded and Delaware County took corrective action against Greenlaw.[9]  Under

such circumstances, the allegations allow for a reasonable inference that Delaware County's

actions were not sufficiently prompt in responding to Plaintiff's charges of harassment.  *Cf.*

*Brentlinger v. Highlights for Children*, 142 Ohio App. 3d 25, 34–35 (Ohio Ct. App. 2001)

(holding that there was a question of fact as to whether an employer's five-month delay in

responding to allegations fo sexual harassment was unreasonable).  Accordingly, the Court will

not dismiss Plaintiff's *Kerans* claim at the pleading stage.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings  is

**GRANTED** in part and **DENIED** in part.  (ECF No. 6.)

**IT IS SO ORDERED.**

3-16 2013
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[9] The precise date the investigation began is not clear from Plaintiff's Complaint.

18